**Robert A. HARRIS, Appellant,**

v.

**ASCO, Inc., a Corporation, Appellee.**

No. 2165.

Municipal Court of Appeals for the District of Columbia.

Argued May 12, 1958.

Decided Sept. 10, 1958.

Maurice Friedman, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee acting through its president, Jacob Wall, bought at an auction sale a sizable and varied quantity of electrical apparatus and equipment. Subsequently it agreed to sell the entire lot of merchandise to appellant for a lump sum price of $1,-000. Thereafter the goods were delivered to appellant, but upon inspection he discovered that many of the items he had contracted for were missing. He notified Mr. Wall, who promised to "straighten this thing up." A second load was delivered, but still according to appellant there was a deficiency. Meanwhile, appellant had given appellee two checks totaling $500 and stopped payment on a third check. Alleging that it had delivered all the merchandise, appellee brought this suit on the third check for the balance owed on the purchase price. Appellant resisted the suit on the theory of failure of consideration and counterclaimed for damages for appellee's supposed breach in not delivering all of the goods.

On conflicting evidence the trial court found that appellee had not delivered the

entire amount of goods contracted for. However, the judge then proceeded to award appellee the sum of $368.75 on its claim, and also found for it on appellant's counterclaim. The figure of $368.75 was arrived at by deducting $131.25, the original price paid at the auction sale by appellee for the *undelivered* articles, from $500, the balance due on the contract price of $1,000.

In bringing this appeal, appellant questions the method adopted by the court in fixing damages and contends in the main that the court should have used the fair market value rather than the auction price as its basis for computing the credit due him for the undelivered goods. Appellant had introduced considerable expert testimony as to the market value of the undelivered items, and appellee offered virtually no contradictory evidence.

■■ It is our opinion that the court should have based its calculation of the credit due appellant for the undelivered articles on the market value at the time of the breach rather than the auction sale price. The guiding principle in awarding damages is restoration of the injured party to the position he would have enjoyed if the one guilty of the breach had complied with his contract. To achieve such a result in this case, the buyer would have been obliged to go into the market in order to purchase articles equivalent to the undelivered items and consequently the seller cannot complain if it is charged with this expense. An abundance of evidence was offered by appellant relating to market value and we can perceive no reason why it should not have been accepted by the court.

The judgment is reversed as to damages and the cause remanded to the trial court with a direction to make a finding of market value and to enter judgment based on such value.

Reversed with instructions.